UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, et al.,

Plaintiffs,

v.

MICHAEL SASAKI, et al.,

Defendants.

Case No. 19-cv-00308-JD

**TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 2

Plaintiffs American Federation of Musicians of the United States and Canada, and Musicians Union Local 6 (together "AFM"), are labor organizations representing professional musicians. They allege in the complaint, Dkt. No. 1, that defendants were former officers and board members of Local 424 in Richmond, California, who breached their fiduciary duties and misappropriated union property and funds. AFM has applied ex parte for a temporary restraining order to preserve evidence and Local 424's financial assets pending a hearing on a motion for a preliminary injunction.

Under Federal Rule of Civil Procedure 65(b), a court may issue an ex parte TRO if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Notice may be excused when "a known party cannot be located in time for a hearing." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). Temporary restraining orders granted ex parte are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is

necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39 (1974); *McCord*, 452 F.3d at 1131.

The Court finds AFM has satisfied Rule 65(b) and that an order preserving the status quo should issue. The complaint and the papers in support of the TRO, including multiple declarations by AFM's senior officers and its attorneys, *see* Dkt. No. 2, demonstrate a likelihood that Local 424's assets could be wasted in the absence of a TRO. In addition, AFM has established a meaningful possibility that key evidence could be lost if the status quo is not maintained. AFM has also shown the emergency nature of its request and why ex parte relief is appropriate in the circumstances of this case. Defendants currently have exclusive access to Local 424's bank accounts and credit cards, and AFM has provided evidence that is consistent with misuse of those resources. Defendants also have sole custody of electronic and hard-copy records that are likely to be relevant to the dispute.

Consequently, the Court orders as follows to preserve the status quo *ante litem*. Defendants Michael Sasaki, Eliot Kenin, Henry Lee Oden, Joseph Sosensky, James Milstead, and Michael Gwinn Harryman, and all others acting in concert with them and who receive notice of this order, are restrained and enjoined from:

(1) Making withdrawals, debits, transfers, or expenditures of any kind from (a) the deposit account at Mechanics Bank under the name of "Musicians Union Local 424 AFM" and with the account number ending in 2802; and (b) the deposit account at Mechanics Bank under the name of "Richmond Musicians Hall Association" and with the account number ending in 4991;

(2) Any use of the Visa Platinum Business Rewards credit card issued to "Musicians Union Local 424";

(3) Copying, transferring, moving, deleting, editing, altering or in any way changing the electronic files and data content of the Local 424 laptop computer, and any external storage devices or cloud-based services associated with that laptop; and

(4) Copying, transferring, moving, deleting, editing, altering or in any way changing (a) the check registers and bank statements for the accounts identified in (1) above; and

(b) any of the documents, records, and files maintained by Local 424 or the Richmond Musicians Hall Association.

The parties are reminded of their duty to preserve evidence and are advised that any violations of that duty will result in sanctions, including but not limited to monetary sanctions, evidence, claim or defense preclusion, issuance of judgment in favor of the non-violating party, attorney conduct sanctions, and contempt proceedings.

AFM is ordered to serve all defendants with its complaint, all TRO papers, and this Order by no later than 12:00 p.m. California time on January 28, 2019, and file a proof of service with the Court no later than January 29, 2019. A preliminary injunction hearing is set for February 8, 2019, at 9:00 a.m. in Courtroom 11 of the San Francisco courthouse. Pending the injunction, AFM is ordered to post security for the TRO in the amount of $5,000. All other requested relief, including the writs of attachment, are denied at this time.

**IT IS SO ORDERED.**

Dated: January 25, 2019

JAMES DONATO
United States District Judge